IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kenneth J. Mohr, | ) | C/A No. 3:09-1587-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DISMISSAL |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the court for a hearing on December 21, 2009 on the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) [dkt. # 14]. For the reasons that follow, the court grants the motion and dismisses the case.

I.      Factual and Procedural Background

Plaintiff was a student at the University of South Carolina Masters of Nurse Anesthesia Program ("Program") seeking to become a Certified Registered Nurse Anesthetist (CRNA). As a part of the Program, plaintiff reported to the hospital at Fort Jackson for training as a CRNA on November 6, 2006 under United States Army Major John Stas. Plaintiff alleges Major Stas improperly supervised him that day during a surgical procedure by having left him periodically alone and unsupervised.

During the surgical procedure, the patient's vital signs deteriorated. Plaintiff claims he sent word through Major Taylor for Major Stas to assist him, but Major Stas did not respond. Major Stas claimed that plaintiff had not requested his presence, but plaintiff

maintains he informed Major Stas that Major Taylor could confirm that plaintiff had requested assistance. Plaintiff alleges that Major Stas never questioned Major Taylor, but that Major Stas proceeded to negligently and recklessly misrepresent what had in fact transpired to the Program committee on November 30, 2006. Later that day, plaintiff was notified of his termination from the Program.

Plaintiff claims that as a result of his termination from the Program, he has incurred substantial monetary damages, including student loans, cost of tuition, expenses, lost income, and future lost income. He filed this suit pursuant to the Federal Tort Claims Act (FTCA), alleging negligence by Major Stas. The government moves to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction.

II.     Discussion

A.      Standard of Review

The plaintiff bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion challenging the factual basis for subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). In determining whether jurisdiction exists, the court is to regard the allegations in the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id. When the government challenges subject matter jurisdiction under the FTCA, the plaintiff "bears the burden of persuasion and must establish an unequivocal waiver of immunity with respect to his claim." Lumpkins v. United States, 215 F.Supp.2d 640, 642 (D.Md. 2002).

B.    Analysis

The United States is immune from all suits against it absent an express waiver of its immunity.  Welch v. United States, 409 F.3d 646, 650 (4th Cir.2005). The FTCA creates a limited waiver of sovereign immunity by permitting a claimant to bring a civil suit seeking money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" to the extent that a private party would be liable for those acts under state law. 28 U.S.C. § 1346(b)(1). All waivers of sovereign immunity must be "strictly construed ... in favor of the sovereign." Welch, 409 F.3d at 650 (internal citations omitted).

The FTCA waives the United States' sovereign immunity to suit in certain circumstances, but 28 U.S.C. § 2680(h), which covers exceptions to the FTCA, states that the act shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference in contract rights ...." 28 U.S.C. § 2680(h).

Plaintiff argues that Major Stas's negligent and reckless misrepresentations to the Program committee are indicative of negligence which falls outside of the scope of the misrepresentations contemplated by 28 U.S.C. § 2680(h). The court finds this contention to be without merit. The United States Supreme Court rejected a similar argument in United States v. Neustadt, 366 U.S. 696 (1961), in which it held that § 2680(h) includes claims arising out of negligent, as well as willful, misrepresentations.  Id. at 702. The Supreme

Court stated: "the argument has been made by plaintiffs, and consistently rejected by the courts ... that the bar of § 2680(h) does not apply when the gist of the claim lies in negligence underlying the inaccurate representation, i.e., when the claim is phrased as one 'arising out of' negligence rather than 'misrepresentation.'" Id. at 703. The Court concluded: "While we do not condone carelessness by government employees in gathering and promulgating such information, neither can we justifiably ignore the plain words Congress has used in limiting the scope of the Government's tort liability." Id. at 710–11. Therefore, any claim based on misrepresentations by Major Stas is precluded by § 2680(h).

In response to the government's motion and at the hearing, plaintiff appeared to argue a broader negligence by Major Stas than that originally claimed in his complaint. Plaintiff claims that Major Stas was negligent in not being available when plaintiff called for his help, and that but for that negligence, plaintiff would not have been fired upon Major Stas's recommendation. Plaintiff claims that the government was also negligent in failing to follow-up with Major Taylor in its investigation. While plaintiff characterizes his claim as one based on negligence, he has been unable to point to any duty established by statute or common law that Major Stas allegedly breached. Absent such a duty, the court finds no claim for negligence can stand.

The court agrees with the government that the gravamen of the action is misrepresentation because it involved an alleged failure to exercise due care in communicating information. Because the FTCA does not waive sovereign immunity for misrepresentation and defamation, plaintiff cannot avoid these exceptions to the waiver of

sovereign immunity by artful pleading.

III.    Conclusion

    For the foregoing reasons, the court grants the government's motion to dismiss.  The

clerk is instructed to close the case.

    IT IS SO ORDERED.

December 29, 2009                            Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge